FILED
2022 MAR 7 PM 2:21
CLERK
U.S. DISTRICT COURT

THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| JAMES A. MAZZETTI III,<br><br>Plaintiff,<br><br>v.<br><br>WARDEN POWELL et al.,<br><br>Defendants. | **MEMORANDUM DECISION<br>& ORDER DENYING MOTION<br>TO ALTER OR AMEND JUDGMENT**<br><br>Case No. 1:20-CV-105 BSJ<br><br>District Judge Bruce S. Jenkins |

On March 30, 2021, after two orders to show cause had gone unheeded, and the ordered consent-to-collection form still had not been filed, the Court dismissed this case for failure to comply with the Court's Order and failure to prosecute. (ECF No. 13.)

Thirteen days later, Plaintiff filed a document that the Court docketed as a motion to reconsider. (ECF No. 15.) The Court construes this motion as a motion to alter or amend the judgment, under Federal Rule of Civil Procedure 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

A motion under Federal Rule of Civil Procedure 59(e)

> may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 2014 F.3d 1005, 1012 (10th Cir. 2000). A motion under Rule 59(e) is not to be used to rehash arguments that have been addressed or to present supporting facts that could have been presented in earlier filings. *Id.* Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242

(10th Cir. 2006); *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (relief under R. 59(e) is rare).

*Blake v. Jpay*, No. 18-3146-SAC, 2019 U.S. Dist. LEXIS 150310, at *4-5 (D. Kan. Sept. 4, 2019).

Plaintiff has not shown any of these three grounds for relief exist here. He does nothing but request to proceed without prepaying the filing fee. (ECF No. 15.) However, the Court had already granted this original request by Plaintiff on August 14, 2020. (ECF Nos. 1, 3.) Plaintiff's reconsideration motion does not even mention his failure to file his consent-to-collection form, which is the reason this case was dismissed. (ECF No. 13.) Before dismissing the case, the Court had--three times--sent the blank form for him to sign and file, but he never did. (ECF Nos. 3, 9, 12.)

**IT IS THEREFORE ORDERED** that Plaintiff's post-judgment motions is **DENIED**. (ECF No. 15.) This action remains closed.

DATED this 7th day of March, 2022.

BY THE COURT:

JUDGE BRUCE S. JENKINS
United States District Court

2